[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON DEFENDANT'S "MOTION FOR ORDER RELATIVE TO C.P.B. § 13-14"
The defendant, Jonathan G. Clarke, who has appeared pro se in the above-captioned action, has filed a motion titled "Motion for Order Relative to C.P.S. § 13-14" and seeks adjudication of that motion. CT Page 5526
The entire text of the motion is as follows: "Defendant-Third Party Plaintiff (Clarke) moves the court to exercise its authority as provided by Connecticut Practice Book § 13-14(b), (1-3) with respect to non-compliance by the plaintiffs Alfred M. Caruso and The Caruso Family Limited Partnership. "
The movant has not filed a brief or any other document from which this court could ascertain what the claimed non-compliance is. The cited sections of the Practice Book relate to failures to comply with discovery motions. A movant must set forth facts indicating grounds for an order of compliance, so that the court has a basis for deciding whether the other party has failed to comply. The defendant has not stated what discovery request he filed, what it requested, what the response of the plaintiff was and why that response is claimed to be non-compliant.
Pursuant to Practice Book §§ 13-6(c) and 13-9(e), interrogatories and requests for production are not filed with the court. Likewise, §§ 3-7(b) and 13-10 provide that responses, other than objections, shall not be filed with the court. Even where discovery materials are filed in violation of these rules, the court has no way of knowing which responses a party claims are inadequate. A motion for an order of compliance must set forth with particularity what items or requests are in dispute.
The movant has failed to indicate what the claimed noncompliance is. In an objection, the plaintiffs have guessed that it is Alfred M. Caruso's representation in response to a request for "the original partnership agreement" that "a diligent search has been made for the original partnership agreement and that to the best of my knowledge said document does not exist."
The defendant has filed nothing to indicate that the plaintiffs are wrong in thinking that his motion for compliance concerns the original partnership agreement; therefore, this court will assume that the defendant filed a request for production of that document and that the response was as set forth above.
A party to whom a request for production of documents is made has a duty to make a diligent search for the document requested, and may not simply express an inability to locate it without making an effort, including inquiry of other persons to whom the document may have been entrusted or who may have knowledge of its CT Page 5527 whereabouts. See Seperack v. Solaz, 17 Conn. App. 684, 693-94, cert. denied, 211 Conn. 804 (1989).
Defendant Caruso's statement does not indicate unambiguously that he complied with this duty. The use of the passive voice in the statement that "a diligent search was made" does not indicate that he or a person most likely to discover the partnership agreement looked in the most likely places where it could be found. If the search were delegated to a person with no familiarity with the usual storage places of such documents, that person's attempt at diligence would not satisfy the defendant's duty.
Because the defendant's response does not contain any representations to indicate that he himself actually conducted any search of a kind calculated to discover the document, the court finds that his response is insufficient. It is hereby ordered that the defendant himself conduct a search, obtain the assistance of any agents, associates or employees whose knowledge of record-keeping practices may aid such a search, and either produce the document if it is located or file a response stating in detail what he did to try to locate it, including the places he looked.
Such compliance shall be furnished to the plaintiff by May 28, 1999. A copy shall be filed with the court.
So ordered.
Beverly J. Hodgson Judge of the Superior Court